IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **CURTIS DEAN BURTCH, JR.** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | NO. 3:23-cv-120-CDL-CHW |
| : | |
| **FRANKLIN COUNTY JAIL,** : | |
| : | |
| : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **Defendant.** : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| : | |
| : | **ORDER** |
| _____ : | |

Plaintiff Curtis Dean Burtch, Jr., an inmate in the Franklin County Detention Center in Carnesville, Georgia, filed a "Notice to File a Civil Suit Tort Claim." ECF No. 1. This was docketed as a 42 U.S.C. § 1983 action. Plaintiff also moved to proceed *in forma pauperis* (ECF No. 4) and requested the Court to subpoena his medical records from the Franklin County Detention Center (ECF No. 6). Plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED**. Plaintiff will, however, be responsible for payment of the filing fee and money will be deducted from his inmate account until the filing fee is paid in full, as discussed below. Plaintiff's motion to subpoena his medical records is **DENIED**. ECF No. 6. If Plaintiff completes the enclosed 42 U.S.C. § 1983 form, and the Court allows any claim to proceed beyond preliminary review, Plaintiff may conduct discovery at that time in accordance with the instructions that will be provided.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor

1

pursuant to 28 U.S.C. § 1915(a).  Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action.  His application to proceed *in forma pauperis* (ECF No. 4) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount

in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## THE REQUIRED 42 U.S.C. § 1983 FORM

Should Plaintiff wish to proceed with this action, he must complete the 42 U.S.C. § 1983 form in full.  Plaintiff has filed numerous civil actions in this Court.  During this incarceration in the Franklin County Detention Center, Plaintiff has filed at least four additional civil complaints.  *See Burtch v. Georgia*, 3:23-cv-80-TES-CHW (M.D. Ga. July 10, 2023); *Burtch v. Georgia*, 3:23-cv-91-TES-CHW (M.D. Ga. Aug. 14, 2023); *Burtch v. Davis*, 3:23-cv-126-TES-CHW (M.D. Ga. Nov. 6, 2023); and *Burtch v. Franklin County Probate Court*, 3:23-cv-132-TES-CHW (M.D. Ga. Nov. 17, 2023).  When Plaintiff completes the enclosed 42 U.S.C. § 1983 form, he should **not** include any claims that are duplicative of the claims in any of these other actions.

In conclusion, Plaintiffs' motion to proceed *in forma pauperis* is **GRANTED**.  ECF No. 4.  Plaintiff's motion for the Court to subpoena his medical records is **DENIED**.  ECF No. 6.

If Plaintiff wishes to proceed with this action, it is **ORDERED** that he has **FOURTEEN (14) DAYS** from the date shown on this Order to file his complaint on the enclosed 42 U.S.C. § 1983 form.   If Plaintiff fails to do so, or fails to follow the instructions in this Order, his action will be dismissed.   Plaintiff should keep the Court informed of any address change and if he fails to do so, his action may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a standard §1983 form with the civil action number on it along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 30th day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge